Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| CARLOS NOEL BERRÍOS CASILLAS Y OTROS<br><br>Recurrida<br><br>V.<br><br>JOSÉ DE LA CRUZ SKERRET, POR SÍ Y EN REP. SLG JUNTO A FULANA DE TAL Y OTROS<br><br>Demandada<br><br>DESK Trial Lawyers & Counselors, LLC y otros<br><br>Peticionaria | KLCE202500048 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV09308 (0801)<br><br>Sobre: DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.[1]

Grana Martínez, jueza ponente

RESOLUCIÓN

En San Juan, Puerto Rico a 27 de febrero de 2025.

La parte peticionaria, Desk Trial Lawyers & Conselors, LLC., solicita que revisemos la denegatoria del Tribunal de Primera Instancia a desestimar la demanda presentada en su contra.

Con su recurso los peticionarios presentaron una solicitud en auxilio de jurisdicción para que se paralizaran los procesos ante el Tribunal de Primera Instancia (TPI) ante quien se atiende la presente reclamación. El 27 de enero de 2025 declaramos no ha lugar la *Moción en Auxilio de Jurisdicción.*

I

Los hechos procesales pertinentes a este recurso son los siguientes.

Los recurridos Carlos Noel Berrios Casillas, Carol Fernández Quiles y otros presentaron una demanda contra la parte peticionaria

---

[1] La integración del panel se modificó mediante orden administrativa OATA-2025-013 efectivo el 6 de febrero de 2025.

Número Identificador

RES2025 _____

por impericia profesional en el ejercicio de la abogacía. La demanda incluyó las alegaciones siguientes. Los recurridos contrataron los servicios de la parte peticionaria para que lo representara legalmente en el caso *Omar Safar Halabi v Asociación de Titulares de Madiera et als,* SJ2020CV03944 por el cobro excesivo de cuotas de mantenimiento. Los recurridos fueron demandados en su carácter personal. La parte peticionaria nunca les dijo que no respondían personalmente por sus actuaciones como miembros de la Asociación de Titulares. Tampoco presentó esa defensa para que la demanda fuera desestimada. Por el contrario, los sometió a la jurisdicción del tribunal en una moción conjunta para que se emitiera una sentencia. La parte peticionaria no les consultó ni les explicó las consecuencias de esa moción. El tribunal dictó sentencia a favor del demandante y les impuso responsabilidad personal. Los recurridos tuvieron que acudir al Tribunal de Apelaciones y al Tribunal Supremo de Puerto Rico. La parte peticionaria no alegó en ninguno de los recursos que los recurridos no respondían personalmente. La decisión en ambos recursos fue adversa. El señor Halabi pidió la ejecución de la sentencia. La solicitud sorprendió a los recurridos, porque la parte peticionaria nunca les orientó sobre el alcance de la demanda en su carácter personal. La negligencia en su representación les ha obligado a permanecer en pleitos legales en una extensa litigación y a presentar múltiples escritos incluyendo un *certiorari* al Tribunal de Apelaciones.

A su vez, la parte peticionaria solicitó la desestimación de la demanda por prematura, debido a que los recurridos no alegaron un daño concreto, real y materializado. Según esta los recurridos (1) solicitan que se les pague por la ejecución de una sentencia que no ha ocurrido, (2) no alegaron que pagaron alguna cantidad en su carácter personal, ni que sus bienes fueron embargados, (3) reclamaron daños hipotéticos basados en especulaciones, (4)

suponen eventos que no han ocurrido y no han de ocurrir, (5) no han sufrido un daño concreto ni han asumido una obligación monetaria específica derivada de la acción que imputan a la demandada.

Los recurridos alegaron que la parte peticionaria adujo incorrectamente que la demanda estaba basada en especulaciones sobre un daño futuro. Fue enfática en que su reclamo no estaba basado en la ejecución de una sentencia que no había ocurrido. La recurrida adujo que detalló los daños sufridos en la demanda. Según la recurrida, la demanda está basada en los múltiples gastos legales incurridos y en las angustias mentales y daños ocasionados por la deficiente representación legal de la parte peticionaria. La parte recurrida sostuvo que la impericia profesional de la parte peticionaria ha ocasionado que haya tenido que (1) enfrentarse a un proceso judicial con señalamientos de vista en su fondo, (2) incurrir en gastos legales cuantiosos y (3) atender casi un centenar de mociones, órdenes y señalamientos incluido un trámite apelativo,

El TPI declaró NO HA LUGAR, la moción de desestimación. Según el foro primario, de los hechos bien alegados en la demanda puede concluirse que la recurrida tenía la posibilidad de establecer una causa de acción.

Inconforme la peticionaria presentó este recurso en el que alega que:

> El TPI cometió un error al denegar la solicitud de desestimación de la parte demandada, basándose en la posibilidad de una causa de acción.

II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491, hoy conocido como Ley de Recursos Extraordinarios. Véase también, *Caribbean*

*Orthopedics v. Medshape,* 207 DPR 994, 1004 (2021); *800 Ponce De León v AIG 205 DPR 163,* 174 (2020), *Mun. Caguas v. JRO Construction, Inc.,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728 (2016). Aunque el certiorari se reconoce como un recurso discrecional la sensatez del juzgador se guía por unos límites. Es decir, la discreción judicial no es irrestricta y ha sido definida en nuestro ordenamiento jurídico como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *800 Ponce De León v AIG* supra, pág 174*; Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729.

El primero de estos límites es la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone que, el recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superados los criterios de la Regla 52.1 de Procedimiento Civil, venimos llamados a ejercer nuestro criterio sujeto a lo dispuesto en el Reglamento del Tribunal de Apelaciones mediante la

Regla 40, 4 LPRA Ap. XXII-B. La misma establece que el tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

## III.

La parte peticionaria solicita que revisemos la denegatoria del Tribunal de Primera Instancia a desestimar la demanda. Aun cuando la Regla 52.1 *supra,* nos autoriza a expedir el recurso de *certiorari* cuando el promovente solicita revisión de una moción de carácter dispositivo, nuestra determinación no descansa únicamente en dicha regla. Sino que requiere que evaluemos nuestra autoridad, al amparo de los supuestos incluídos en la regla 40 del Reglamento del Tribunal de Apelaciones y que nos persuadirían a intervenir en los procesos. Al amparo de dicha normativa no intervendremos en esta etapa procesal con la decisión recurrida.

## IV.

Por lo que denegamos el recurso de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Candelaria Rosa concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones